FILED

JUL 1 5 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ISAAC INDUSTRIES, INC.,
7330 NW 36TH Avenue
Miami, FL 33147,

        **Plaintiff,**

v.                           Civil Ac

U.S. CUSTOMS AND BORDER
PROTECTION,
1300 Pennsylvania Avenue, NW
Washington, D.C. 20229,

        **Defendant.**
_____/

CASE NUMBER 1:05CV01415

JUDGE: Paul L. Friedman

DECK TYPE: FOIA/Privacy Act

DATE STAMP: 07/15/2005

**COMPLAINT FOR
INJUNCTIVE RELIEF**

      1.      This is an action brought under the Freedom of Information Act ["FOIA'], 5 U.S.C. §552, *et seq.,* to enjoin the defendant from withholding from public disclosure certain records of the U.S. Customs and Border Protection ["Customs"] within their possession and control.

      2.      This Court has jurisdiction over this action pursuant to 5 U.S.C. §552(a)(4)(B).

      3.      Plaintiff, Isaac Industries, Inc. ["Isaac"] is a chemical export wholesaler located at 7330 NW 36th Avenue, Miami, Florida 33147.

      4.      Defendant, Customs is an agency of the United States.

      5.      Isaac filed eight drawback refund claims with Customs at its Houston Drawback Center in 1998.

      6.      Customs denied the drawback refund claims and liquidated the entries on

September 13, 2002.

7. Isaac filed protests against Customs' decision to deny its drawback refund claims.

8. Customs assessed a $367,257.36 monetary penalty on Isaac on November 6, 2003 and assigned Customs Case No: 2002-5301-30029201.

9. Customs alleges that Isaac "fraudulently sought and attempted to affect the payment of drawback on unused merchandise by means of false statements and documents."

10. Isaac filed a petition for relief with Customs on December 19, 2003.

11. Customs denied Isaac's petition for relief and recalculated the monetary penalty as $289,182.00 on March 15, 2005.

12. In a letter of March 16, 2005, Isaac, pursuant to the FOIA, requested Customs to provide several specific records pertaining to Customs Case No: 2002-5301-30029201. Enclosed as Exhibit A is a copy of Isaac's FOIA request dated March 16, 2005.

13. Isaac filed a followup FOIA request with Customs on March 29, 2005.

14. Isaac filed a FOIA Appeal with Customs' Disclosure Law Branch on April 20, 2005.

15. Customs denied Isaac's FOIA request claiming that the records responsive are exempt from access pursuant to 5 U.S.C. §552(b)(7)(A) in its letter dated April 15, 2005 (received by undersigned counsel's office on April 21, 2005).

16. On April 21, 2005, Isaac amended its FOIA Appeal arguing that Customs cannot claim that all of the requested records are allegedly exempt solely on the basis that

2

the "administrative processing of the penalty case is ongoing."

17. Isaac filed an incomplete supplemental petition for relief with Customs awaiting the release of the FOIA Appeal records on May 19, 2005. Isaac reserved the right to amend its supplemental petition for relief upon release of its FOIA Appeal records.

18. Customs failure to respond to Isaac's FOIA Appeal within the time prescribed by law constitutes a deemed denial pursuant to 5 U.S.C. §552(a)(6)( C ).

19. Isaac has exhausted its administrative remedies.

WHEREFORE, plaintiff respectfully requests the Court:

1. To take jurisdiction of this cause of action;

2. To order Customs to immediately release the requested records to Isaac; and,

3. To grant such other and further relief as the Court may deem proper and just.

Respectfully submitted,

Peter S. Herrick
Attorney for Plaintiff
Isaac Industries, Inc.
3520 Crystal View Court
Miami, FL 33133
Tel.: 305-858-2332
Fax.: 305-858-6347
Email: pherrick@bellsouth.net
D.C. Bar No.: 137935

**EXHIBIT A**

Case 1:05-cv-01415-PLF     Document 1     Filed 07/15/2005     Page 4 of 6

# HERRICK NIKAS
### ATTORNEYS AT LAW
### RESPOND TO:

Costa Mesa Office
555 Anton Blvd., 12th Floor
Costa Mesa, California 92626

San Francisco Office
Standard Oil Building
225 Bush Street, 16th Floor
San Francisco, California
94104

3520 Crystal View Court
Miami, Florida 33133
Telephone (305) 858-2332
Telecopier (305) 858-6347
Toll Free(voice)(888) 841-8881
Toll Free (fax) (888) 841-8883

e-mail address:
pherrick@herricnikas.com

Long Beach Office
301 E. Ocean Blvd., Suite 530
Long Beach, California 90802

Anchorage Office
329 F Street, Suite 220
Anchorage, Alaska 99501

March 16, 2005

<u>TELECOPY ONLY (281-985-6729)</u>

<u>FREEDOM OF INFORMATION ACT</u>

John A. Sanders
F. P. & F. Officer
U S Customs & Border Protection
2350 Sam Houston Pkwy E.
Suite 1000
Houston TX 77032

Re:   Requester: Isaac Industries, Inc.
      Customs Case No. 2002-5301-30029201

Dear Mr. Sanders:

This is request for records, including electronic records such as emails, pursuant to the Freedom of Information Act, 5 U.S.C. §552, *et. seq.* The requester agrees to pay for reasonable search and copy charges.

Please provide the following records in their entirety:

1.   Proof that there was an "undisclosed substitution of domestically produced polypropylene with the imported polypropylene had taken place...."

05 1415

1

FILED

JUL 1 5 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

2.   Proof that Flexible Foam and Bayer-Lyondell had no records of the exchange of the polypropylene glycol.

3.   Proof of the "numerous irregularities with [claimant's] drawback entries."

4.   Copies of the New Orleans laboratory reports described in the petition decision.

5.   A record of the Bayer-Lyondell manager's statement referred to in the petition decision.

6.   Proof that the "imported product is not 'commercially interchangeable' with any of the four domestic samples."

7.   Copies of the "clear and convincing evidence [establishing] that the petitioner violated 19 U.S.C. section 1592 by means of fraud...."

8.   Copies of the calculations which concluded "petitioner's violation caused a potential loss of revenue in the amount of $96,394...."

9.   Copies of "the evidence [that] supports a finding that the petitioner falsely stated on the CF 7553 the location of export as being Miami in an effort to make it appear that the imported product had been shipped to Miami...."

10.  Copies of the statements made by the petitioner's former employee to Customs.

11.  Copies of all memoranda, comments, etc. wherein Customs rejected all of the mitigating factors presented in the petition.

We request the records be made available within the time prescribed by law.

Sincerely,

Peter S. Herrick